UNITED STATES of America,
Plaintiff–Appellant,

v.

Carmen GUEVARA, Defendant–Appellee.

No. 90–5840.

United States Court of Appeals,
Fourth Circuit.

Argued April 11, 1991.

Decided Aug. 12, 1991.

Geoffrey Robert Brigham, Crim. Div., U.S. Dept. of Justice, Washington, D.C., argued (Henry E. Hudson, U.S. Atty., William G. Otis, Sr. Litigation Counsel, Christine Wright, Asst. U.S. Atty., Alexandria, Va., on brief), for plaintiff-appellant.

Gregory Bruce English, English & Smith, Alexandria, Va., for defendant-appellee.

Before RUSSELL and WIDENER, Circuit Judges, and MICHAEL, District Judge for the Western District of Virginia, sitting by designation.

OPINION

WIDENER, Circuit Judge:

Carmen Guevara entered into a plea agreement with the government under which she agreed to plead guilty to conspir-acy to defraud the Immigration and Naturalization Service of the United States under 18 U.S.C. § 1001, to commit mail fraud under 18 U.S.C. § 1341, and to conduct laundering of money instruments under 18 U.S.C. § 1956(a)(1)(A)(i), all in violation of 18 U.S.C. § 371. She further agreed to forfeit her home and the $4,651.00 proceeds from the sale of her condominium. She pleaded guilty, an order of forfeiture was entered, and a deed of the house to the government was executed to give effect to the agreement. Guevara was then sentenced to 28 months of imprisonment to be followed by three years of supervised release. The severity of this sentence not to its liking, the government appealed.

The plea agreement contains a provision whereby "... defendant knowingly waives her right to appeal the sentence in exchange for the concessions made by the government in this agreement," and another provision that "... the defendant, knowing that he has a right of direct appeal of the sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, expressly waives the right to appeal her sentence on those grounds or on any ground." Similar provisions waiving a defendant's right to appeal have been upheld in *United States v. Wiggins,* 905 F.2d 51 (4th Cir.1990). In that case, we considered language indistinguishable from that which we have quoted above and gave as a reason for our decision that "[t]he government has added the waiver language to its standard plea precisely because it preserves the finality of judgments and sentences imposed pursuant to valid pleas of guilty." *Wiggins,* 905 F.2d at 54. The finality of judgments and sentences imposed is no more preserved by appeals by the government than by appeals by the defendant, and it strikes us as far too one-sided to construe the plea agreement to permit an appeal by the government for a fancied mistake by the district court, as here, but not to permit an appeal on similar grounds by the defendant, which *Wiggins* held to be precluded. That being the case, we are of opinion that such a provision against appeals must also be enforced against the government, which must be held to have implicitly cast its lot with

the district court, as the defendant explicitly did.

Accordingly, the government's appeal is DISMISSED.