**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Carmen GUEVARA, Defendant–Appellee.**

**No. 90–5840.**

United States Court of Appeals, Fourth Circuit.

Nov. 14, 1991.

Geoffrey Robert Brigham, Crim.Div., U.S. Dept. of Justice, Washington, D.C., argued (Henry E. Hudson, U.S. Atty., William G. Otis, Sr. Litigation Counsel, Christine Wright, Asst. U.S. Atty., Alexandria, Va., on brief), for plaintiff-appellant.

Gregory Bruce English, English & Smith, Alexandria, Va., for defendant-appellee.

### ORDER

Upon a request for a poll of the court on the petition of the Government for rehearing en banc, Circuit Judges Wilkinson, Wilkins, Niemeyer, and Luttig voted to rehear the case en banc, while Circuit Judges Ervin, Russell, Widener, Hall, Phillips, Murnaghan, Sprouse and Hamilton voted to deny rehearing en banc.

It is accordingly ADJUDGED and ORDERED that the petition for rehearing en banc shall be, and the same hereby is, denied.

The panel considered the petition for rehearing and is of opinion it is without merit.

It is accordingly ADJUDGED and ORDERED that the petition for rehearing shall be, and it hereby is, denied.

With the concurrences of Circuit Judge RUSSELL and Circuit Judge MICHAEL.

WILKINS, Circuit Judge, dissenting:

In sua sponte dismissing the appeal, the panel held that an explicit waiver of appeal in a plea agreement by a defendant must be construed as an implicit waiver of the right of the government to appeal. *United States v. Guevara,* 941 F.2d 1299 (4th Cir.

1991). Citing no authority to support its decision, and rejecting the principles of contract law this court has consistently held to apply to plea agreements, the panel found that it would be "far too one-sided to construe the plea agreement to permit an appeal by the government" and apparently relied on its own sense of justice as the sole basis for rewriting the agreement. *Id.* at 1299. I respectfully dissent from the order denying the suggestion for rehearing en banc.

## I.

Guevara pled guilty to a one-count indictment charging conspiracy to conduct money laundering, to commit mail fraud, and to defraud the Immigration and Naturalization Service. In the presentence report the probation officer correctly assigned an offense level for each of the three offenses under the conspiracy, *see* United States Sentencing Commission, *Guidelines Manual,* § 1B1.2(d), 1B1.2, comment. (n.4) (Nov. 1989),[1] and grouped them, *id.* at § 3D1.2(d). The probation officer then used the offense guideline that produced the highest offense level, the money laundering offense, to arrive at level 26. *Id.* at § 3D1.3(b). Adjusted for Guevara's acceptance of responsibility and the statutory maximum sentence for conspiracy, the correct guideline range was 51–60 months. *Id.* at § 3E1.1(a); 18 U.S.C.A. § 371 (West 1966).

Rejecting the recommendation of the probation officer, the district court incorrectly sentenced Guevara only for the less serious fraud offenses. The court assigned an adjusted offense level of 10 with a resulting guideline range of 6–12 months. To reflect the scope and sophistication of the fraud scheme, the court departed upward and sentenced Guevara to 28 months imprisonment and three years of supervised release.

Section 3D1.3(b) requires that when "counts involve offenses of the same general type to which different guidelines apply," the court must "apply the offense guideline that produces the highest offense level." The district court disregarded the plain language of this guideline and failed to adhere to the law of this circuit. *United States v. Hummer,* 916 F.2d 186, 190–91 (4th Cir.1990) ("[T]he offense level of the group is calculated by determining the adjusted offense level for the most serious count within the group."), *cert. denied,* —— U.S. ——, 111 S.Ct. 1608, 113 L.Ed.2d 670 (1991). Rather than raise, as the panel labeled it, "a fancied mistake by the district court," *Guevara,* 941 F.2d at 1299, the government, in fact, brought a meritorious appeal of a misapplication of the sentencing guidelines.

## II.

It is well recognized that contract-law principles apply to the interpretation and enforcement of plea agreements. *See, e.g., United States v. Fentress,* 792 F.2d 461, 464 (4th Cir.1986); *see also United States v. Wade,* 936 F.2d 169, 173 (4th Cir.1991) ("[W]e apply the general law of contracts to determine whether the government has breached the agreement."), *petition for cert. filed,* —— U.S.L.W. —— (U.S. Sept. 10, 1991) (No. 91–5771); *United States v. Conner,* 930 F.2d 1073, 1076 (4th Cir.1991) ("Drawing largely on the law of contracts in the commercial context, the courts have developed a fairly large body of law to guide the judicial interpretation of plea agreements."), *cert. denied,* —— U.S. ——, 112 S.Ct. 420, 116 L.Ed.2d 440 (U.S.1991); *United States v. Wiggins,* 905 F.2d 51, 54 (4th Cir.1990) ("Wiggins waived his right [to appeal] for the purpose of obtaining certain concessions from the government and he may not now ignore his part of the bargain."). When the government and a defendant enter into a plea agreement as a complete statement of their obligations, it may not be supplemented with unmentioned terms at a later date. *Fentress,* 792 F.2d at 464. And, "[w]hile the government must be held to the promises it made, it will not be bound to those it did not make." *Id.* For a court to imply into a plea agree-

---

**1.** The probation officer made a scrivener's error when calculating the offense levels for the fraud offenses. The offense levels should have each totaled 14, while the probation officer listed the totals as 10.

ment a term to which the government did not agree is an error of law. *See United States v. Benchimol,* 471 U.S. 453, 456, 105 S.Ct. 2103, 2105, 85 L.Ed.2d 462 (1985) (per curiam).

Recently, a similar issue was before the Court of Appeals for the First Circuit. It held that omission of language expressly preserving the statutory right of the government to appeal did not constitute an implied waiver of that right. *United States v. Anderson,* 921 F.2d 335 (1st Cir. 1990). Relying on Fourth Circuit authority, the court found that "[t]o read the Agreement, *ex silentio,* to include a waiver by the government of its right of appeal would give defendant more than is reasonably due." *Id.* at 338 (citing *Fentress,* 792 F.2d at 464). The court stated:

Consistent with contract-law principles, we look to the language of the document, focusing squarely within its four corners.... If defendant had wanted to condition his plea on the conferral of an incremental benefit—the prosecution's agreement to forgo its right to appeal any sentence imposed—he could have insisted that such a term be made part of the Agreement. He did not do so.

*Id.* 921 F.2d at 337–38 (citation omitted).

Moreover, by dismissing the appeal by the government of Guevara's sentence, the panel has in effect, at least for purposes of this case, nullified the Sentencing Reform Act and transported this circuit back to a time when district courts had unbridled discretion in sentencing, insulated from appellate review. The Act provides the government the right to appeal "an otherwise final sentence if the sentence ... was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C.A. § 3742(b) (West Supp.1991). Like the similar right granted to a defendant by the Act, in the absence of an express waiver this right should be recognized and respected. Ignoring this, the panel rewrote the integrated plea agreement contract by adding covenants the parties did not mention or intend.

The record provides no evidence that Guevara entered into the agreement involuntarily or without full knowledge and understanding of its provisions; nor does the record offer any indication that the government intended to waive its statutory right to appeal. Clearly, the defendant harbored no such thoughts for Guevara did not raise this issue on appeal. This plea agreement should not be read to imply unspoken promises—especially in light of paragraph 13 of the agreement which states:

This written agreement constitutes the complete plea agreement between the United States, the defendant and her counsel. No promises or representations have been made by the United States except as set forth herein. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

The terms and consequences of this plea bargain should be respected, and we should refrain from redrafting it in order to indulge our own notions of fairness.

Circuit Judges WILKINSON, NIEMEYER, and LUTTIG authorize me to state that they join in this opinion.