47 F.3d 1166
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Eugene BOOKER, Defendant-Appellant.
 No. 93-5912.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 7, 1995.
Decided Feb. 28, 1995.
 
 Rodolfo Cejas, II, Norfolk, VA, for Appellant. Helen F. Fahey, United States Attorney, William D. Muhr, Special Assistant United States Attorney, Norfolk, VA, for Appellee.
 Before HAMILTON and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Harold Eugene Booker appeals his conviction and sentence on a guilty plea for conspiracy to distribute and possession with intent to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C.A. Sec. 846 (West Supp.1994), and use of a firearm during a drug trafficking crime, in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994). Booker's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that Booker's plea was invalid because in it he waived his right to appeal his sentence, while the Government retained its right to appeal Booker's sentence, but concluding that there were no meritorious grounds for appeal. Booker was notified of his right to file an additional brief, which he did. In his pro se brief he raised two issues: (1) that the district court abused its discretion in denying his motion to withdraw his guilty plea; and (2) that the district court abused its discretion in denying his motion for appointment of new counsel.
 
 
 2
 In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. The district court complied with all of the requirements of Fed.R.Crim.P. 11, fully informing Booker of his rights and the consequences of a guilty plea; further, Booker was competent to enter the plea. We find that Booker has shown no clear and convincing evidence to support reconsideration of his plea. See Little v. Allsbrook, 731 F.2d 238, 239-40 n. 2 (4th Cir.1984). We further find that in light of the validity of Booker's guilty plea, and his statements made during the proceedings, that Booker's claim that the district court erred in refusing to grant his motion for a new attorney is without merit.
 
 
 3
 Finally, as to Booker's claim that his plea was invalid because in it he waived his right to appeal his sentence, while the Government retained its right to appeal Booker's sentence, we note that Booker did not raise this issue below, and thus waived his right to raise it here unless the district court committed plain error. See United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). We need not determine, as Appellant urges, whether the Government's express reservation of its right to appeal, in light of Appellant's waiver, violates this Court's holding in United States v. Guevara, 941 F.2d 1299 (4th Cir.1991) (appellant's waiver of appeal in plea agreement also binds government, when plea agreement is silent as to government's appeal rights), cert. denied, 60 U.S.L.W. 3688 (U.S.1992). Rather, we find that the district court did not plainly err in accepting the agreement, which was not facially invalid. Because no plain error is evident on this record, we find this claim likewise to be without merit.
 
 
 4
 This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED