OPINION
PER CURIAM.
Ten years ago we held that when a defendant in his plea agreement explicitly waives the right to appeal his sentence, there is an implicit waiver by the government of its right to appeal. See United States v. Guevara, 941 F.2d 1299, 1299 1300 (4th Cir.1991). This principle has prompted a related question today. When the government disregards Guevara and takes an unauthorized (but successful) appeal from a sentence, does the defendant’s lawyer render ineffective assistance when he fails to seek a dismissal of the appeal? We hold that the lawyer’s inaction renders his representation ineffective, thereby violating the defendant’s Sixth Amendment right to counsel.
I.
In June 1997 Bruce Little was indicted on two counts for bank robbery and bank larceny in violation of 18 U.S.C. § 2113(a) and (b). Thereafter, Little and the government entered into a plea agreement under which Little pled guilty to bank robbery and waived his “right to contest ... [his] sentence in any direct appeal or other post-conviction action.” Before sentencing, Little filed an objection to his presentence report classification as a career offender under § 4B1.1 of the sentencing guidelines. Little argued that the probation officer had improperly used his North Carolina conviction for assault on a female as a predicate to classify him as a career offender because that crime was not a crime of violence. The district court agreed with Little on the grounds that (1) none of the underlying facts about the crime were available and (2) the “court’s experience [with] the [state] courts in North Carolina” revealed that a defendant could easily be convicted of assault on a female without committing a battery. *202 Without the career offender enhancement Little’s sentencing range was 70-87 months, and the court imposed a prison term of 87 months. If the enhancement had been employed, Little’s sentencing range would have been considerably higher, 151-188 months.
The government appealed Little’s sentence, arguing that the district court erred when it refused to treat Little’s assault-on-a-female conviction as a crime of violence that, added to another prior crime, made him a career offender. In his response to the government’s appeal brief, Little’s lawyer argued only the merits of the career offender issue. The lawyer completely omitted (or missed) his best argument, that the government had implicitly waived its right to appeal. This court held that Little’s conviction for assault on a female was a crime of violence under the guidelines. See United States v. Little, No. 98-4391, 1999 WL 156153, at *5 (4th Cir. Mar. 23, 1999) (recognizing that “Courts in this Circuit are ... bound to consider only the elements of the convicted offense in deciding whether the defendant committed a crime of violence, and not the defendant’s conduct.”). We vacated Little’s sentence and remanded for resentencing. On remand the district court used Little’s assault-on-a-female conviction as a predicate to classify him as a career offender. The court then resentenced Little to 151 months in prison, a sentence that was more than five years longer than the original one. Little appeals his new sentence.
II.
Little argues that his lawyer in the first appeal provided ineffective assistance by failing to point out that the government was barred from appealing his sentence. His lawyer’s failure to make this argument, Little says, caused him to be resentenced to a prison term that was 64 months longer than his original term.
A defendant in a criminal case has a Sixth Amendment right to the effective assistance of counsel on direct appeal. See Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir.2000). To prevail on an ineffective assistance of counsel claim, a defendant must show (1) that his “counsel’s representation fell below an objective standard of reasonableness” and (2) “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first Strickland requirement is commonly called the “performance” prong and the second the “prejudice” prong.
Ordinarily, an ineffective assistance claim should be raised by motion under 28 U.S.C. § 2255 in district court. We will, however, consider such a claim on direct appeal when it ‘conclusively appears’ from the record that defense counsel did not provide effective representation.” United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir.1994). The record here is sufficiently developed, and Little’s ineffective assistance claim meets the test for consideration on direct appeal.
Under the plea agreement Little waived his right to appeal the sentence imposed by the district court. When a defendant explicitly waives his right to appeal in a plea agreement, the government, in turn, implicitly waives its right to appeal. See United States v. Guevara, 941 F.2d 1299, 1299-1300 (4th Cir.1991) (holding that a plea agreement “provision against appeals [by the defendant] must also be enforced against the government, which must be held to have implicitly cast its lot with the district court, as the defendant explicitly did.”).
*203 Little argues that his lawyer in the previous appeal was ineffective because he failed to seek a dismissal of the appeal on the ground that the government had, according to Guevara, implicitly waived its right to appeal his sentence. The government does not challenge Little’s contention that his lawyer’s omission amounted to deficient performance under Strickland’s first prong. However, the government, relying on Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), argues that Little cannot satisfy Strickland’s prejudice prong. In Lockhart the petitioner, Fretwell, had been convicted of felony murder (specifically, murder during a robbery) and sentenced to death. During the sentencing proceeding Fretwell’s lawyer should have objected to the use of pecuniary gain as an aggravating factor on the basis of the Eighth Circuit’s decision in Collins v. Lockhart, 754 F.2d 258 (8th Cir.1985) (holding that a death sentence is unconstitutional if it is based on an aggravating factor that duplicates an element of the underlying felony). However, by the time Fretwell asserted his ineffective assistance claim, the Eighth Circuit had overruled its decision in Collins. Thus, the objection that Fretwell’s lawyer should have made no longer had legal merit. As a result, the Supreme Court held that Fretwell could not satisfy Strickland’s prejudice requirement. To allow him to prevail, the Court said, “would grant [Fretwell] a windfall to which the law does not entitle him.” Lockhart, 506 U.S. at 370, 113 S.Ct. 838.
The government argues that we would be granting Little a comparable windfall if he prevailed in this appeal. He would achieve the shorter sentence, even though the district court misapplied the sentencing guidelines. We disagree that this result would amount to a windfall within the meaning of Lockhart. In Williams v. Taylor, 529 U.S. 362, 392, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court clarified the scope of Lockhart. The Court held in Williams that, notwithstanding Lockhart, when a lawyer’s performance deprives the defendant of “a substantive or procedural right to which the law entitles him,” Strickland’s prejudice component is satisfied. Williams, 529 U.S. at 392, 120 S.Ct. 1495. In other words, the defendant loses more than the opportunity for a windfall when he is deprived of a substantive or procedural right. In the prior appeal in this case, the slack performance by Little’s lawyer deprived Little of a substantive right. Little’s lawyer should have argued that the government breached the plea agreement by appealing the sentence. “If the government breaches express or implied terms of a plea agreement, a violation of due process occurs.” United States v. Martin, 25 F.3d 211, 217 (4th Cir.1994). Little was deprived of due process because the government prosecuted an appeal that it had no right to file. Because Little’s lawyer did nothing to prevent this due process violation, Little has satisfied Strickland’s prejudice requirement. Little’s Sixth Amendment right to counsel was therefore violated, and he is entitled to relief.
III.
The dissent would affirm Little’s sentence and force him to assert his ineffective assistance claim in a collateral proceeding. The dissent’s theory is based on an argument that the government waived and that does not, in any event, prevent us from granting immediate relief to Little.
At oral argument the government’s lawyer acknowledged, “If the court doesn’t buy my [lack of prejudice] argument[ ], then I don’t have one.” Nonetheless, the dissent believes that the government has overlooked an argument that could explain why Little’s lawyer did not provide ineffective representation when he failed to seek *204 a dismissal of the government’s appeal on the ground that it had implicitly waived its right to appeal. According to the dissent, the plea agreement prohibited Little from challenging at sentencing the probation officer’s recommendation that he qualified as a career offender. The dissent reasons that because Little objected at sentencing to the probation officer’s recommendation, it appears that Little breached the plea agreement. If Little breached the plea agreement, the government could appeal, despite its implicit waiver of appeal in the plea agreement. See United States v. Bowe, 257 F.3d 336,-slip op. at 10 (4th Cir.2001) (holding that the government may appeal when the defendant breaches the plea agreement). A breach by Little, according to the dissent, would mean that his lawyer did not provide deficient representation because it would have been futile to raise the implicit waiver of appeal argument. We disagree with the dissent’s approach because, as we will explain, it rests upon a strained reading of the plea agreement.
The dissent contends that § 4(c) of the plea agreement appears to have barred Little from objecting to the career offender enhancement at sentencing. Section 4(c) states:
Notwithstanding any recommendations in this Agreement as to the offense level, if the Probation Office determines from the defendant’s criminal history that U.S.S.G. § 4B1.1 (Career Offender) or § 4B1.4 (Armed Career Criminal) ... applies, then that provision will be used in determining the sentence.
According to the dissent, the phrase “will be used” means that the defendant agrees not to challenge the probation officer’s recommendation. However, when § 4(c) is read in context, it becomes obvious that it serves a different purpose. Section 4 of the plea agreement explains in detail how the defendant’s sentence will be calculated under the guidelines. For example, § 4(b) explains that the “Probation Office will compute the defendant’s Criminal History Category.” Section 4(c) deals with a discrete issue in the calculation of the defendant’s sentence. In a plea agreement the parties may agree to recommend a particular offense level. See, e.g., United States v. Mikalajunas, 186 F.3d 490, 492 (4th Cir.1999); United States v. Thorne, 153 F.3d 130, 132 (4th Cir.1998). Section 4(c) is boilerplate language clarifying that if the career offender or armed career criminal provision applies, that provision will supply the offense level in lieu of the level recommended by the parties. Therefore, if the career offender provision applies, it “will be used” in calculating the defendant’s sentence, “[njothwithstanding any recommendations in [the plea] Agreement as to the offense level.” This is quite different from saying that the defendant cannot object at sentencing to the application of the career offender section. In short, § 4(c) only serves to clarify that the offense level recommended by the parties will not trump the offense level supplied by the career offender section.
Another part of the plea agreement also undercuts the dissent’s interpretation. Part IV of the agreement, titled ‘Waivers,” lists (in six separate paragraphs) the various rights that the defendant waives by reason of the agreement. Part IV contains no waiver of the defendant’s right to object at sentencing to the application of the career offender provision. If the defendant had waived the right to object to career offender status, it would be reasonable to expect that such a waiver would be included in part IV.
Even if the dissent’s reading of § 4(c) is given every edge, it at most creates an ambiguity about whether the defendant could object to the career offender designation. In that case, the dissent’s interpretation would still have to be reject *205 ed because any ambiguity in the plea agreement must be construed against the government. See United States v. Harvey, 791 F.2d 294, 300-01 (4th Cir.1986). Therefore, § 4(c) did not prohibit Little from objecting to the career criminal enhancement at sentencing. Accordingly, he did not breach the plea agreement, and his lawyer failed to raise a clear, winning argument on appeal.
The discussion about what § 4(c) means is academic, however, because the government has waived any argument that Little breached the plea agreement. In United States v. Fant, 974 F.2d 559, 562 (4th Cir.1992), we held that if a party does not object to a breach of the plea agreement, it must show that the breach constituted plain error. If the government’s interpretation of the plea agreement mirrored the dissent’s interpretation, the government should have objected when Little challenged his career offender status at sentencing. Specifically, the government should have asked the court to ignore Little’s objection. While the government argued the merits of the career offender issue at sentencing, it never claimed that Little could not object. As a result, the government must show that any breach by Little constituted plain error. Because it is far from “obvious” that Little breached the plea agreement, the government cannot show plain error. Id. at 565 (“ ‘Plain error’ is shown when the error committed is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings.”) (internal quotation marks omitted).* Little’s lawyer thus had a clear field for arguing on appeal that the government had waived its right to seek appellate review of Little’s sentence.
Finally, the dissent suggests that the record is not sufficiently developed to decide the ineffective assistance question on direct appeal. See United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir.1994) (holding that ineffective assistance claims are only appropriate on direct appeal when it “ ‘conclusively appears’ from the record that defense counsel did not provide effective representation”). Specifically, the dissent suggests that a hearing is required so that Little’s lawyer may testify as to why he did not raise the implicit waiver of appeal issue. However, Little’s lawyer’s subjective beliefs in this case are irrelevant. The implicit waiver of appeal defense was a clear winner. Whether the lawyer missed the issue or consciously decided not to raise it, his representation clearly “fell below an objective standard of reasonableness.” Strickland, 466 U.S. at 688, 104 S.Ct. 2052. Little’s Sixth Amendment right to counsel was therefore violated during the first appeal, when the government challenged Little’s original sentence.
IV.
For the foregoing reasons, we vacate Little’s most recent sentence and remand with the instruction that the district court reimpose the original sentence.

VACATED AND REMANDED.

 The dissent focuses on whether the district court's treatment of the career offender issue constituted plain error. However, the dissent glosses over the fact that the government must meet the plain error standard in showing that Little breached the plea agreement. See United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997) ("When reviewing a breached plea agreement for plain error ... we must establish whether the breach was 'so obvious and substantial that failure to notice and correct it affectfed] the fairness, integrity or public reputation of the judicial proceedings.’ ”) (emphasis added) (quoting Fant, 974 F.2d at 565).