WILLIAMS, Circuit Judge,
dissenting:
Little appeals the legally correct sentence, as determined by this Court, im *206 posed pursuant to his plea agreement. Without having had the benefit of an evidentiary hearing, the majority concludes that Little’s counsel acted in an unconstitutionally unreasonable manner by failing to seek a dismissal of the Government’s appeal based upon the implied reciprocal appellate waiver provision in the plea agreement. This conclusion allows Little to successfully maneuver an end run around the proper application of the United States Sentencing Guidelines. Because I am convinced that the record does not support such a holding, I respectfully dissent.
I.
A.
“A claim of ineffective assistance of counsel should be raised by [a habeas corpus] motion under 28 U.S.C. § 2255 in the district court and not on direct appeal, unless it conclusively appears from the record that defense counsel did not provide effective representation.” United States v. Richardson, 195 F.3d 192, 198 (4th Cir.1999), cert, denied, 528 U.S. 1096, 120 S.Ct. 837, 145 L.Ed.2d 704 (emphasis added) (internal quotation marks omitted and alteration in original). Here, the record is completely devoid of any testimony on the part of Little’s counsel detailing whether he considered seeking a dismissal of the Government’s appeal pursuant to United States v. Guevara, 941 F.2d 1299 (4th Cir.1991), and if so, the reasons for his failure to assert such a defense.[1]
Moreover, as discussed further below, counsel’s performance was not patently unreasonable and could have been founded upon reasonable strategic decisions. Thus, the record is inadequately developed on the issue of whether counsel’s performance fell below an objective standard of reasonableness, rendering the ineffective assistance claim proper, if at all, only on collateral review.
B.
To constitute ineffective assistance of counsel, a defendant must show both that counsel’s representation fell below an objective standard of reasonableness and that there is a reasonable probability that counsel’s unprofessional errors prejudiced him. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “[S]trategie choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable” in an ineffective assistance of counsel claim. Id. at 690; accord Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995). Here, the record reflects that Little’s counsel had at least two objectively reasonable bases to forgo seeking a dismissal of the Government’s appeal pursuant to Guevara: (1) the implied reciprocal waiver argument was not clearly meritorious but, instead, likely would have failed; and (2) raising this argument could have placed the plea agreement in jeopardy while leaving the guilty plea intact.[2]
*207 1.
As to the first basis, this Court has crafted several exceptions to Guevara and to appellate waiver provisions generally. For example, in United States v. Bowe, 257 F.3d 336 (4th Cir.2001), we held that a party’s “waiver of the right to seek appellate review is not enforceable where the opposing party breaches a plea agreement.” Id. at-, 15. Based upon this principle, had Little breached the plea agreement, Guevara would not have barred the Government from seeking appellate review. Id. (holding that, because the implied appellate waiver is reciprocal, release of the waiver through breach of the plea agreement also operates reciprocally).
The record provides ample cause to believe that Little breached the plea agreement during sentencing by objecting to the probation officer’s recommendation that Little receive career offender treatment based upon Little’s prior criminal history. Section 4(c) of the plea agreement contains the following stipulation concerning sentencing:
Notwithstanding any recommendations in this Agreement as to the offense level, if the Probation Office determines from the defendant’s criminal history that U.S.S.G. § 4B1.1 (Career Offender) or § 4B1.4 (Armed Career Criminal) ... applies, then that provision will be used in determining the sentence.
(J.A. at 10.) The probation officer correctly determined that Little’s criminal history rendered U.S.S.G. § 4Bl.l’s career offender provision applicable. Despite § 4(c) in the plea agreement, which allowed the probation officer conclusively to make this determination and to have it govern the guideline computation, Little objected to the applicability of § 4B1.1. See United States v. Little, No. 98-4391, 1999 WL 156153, at **1, 4-5 (4th Cir. Mar. 23, 1999) (unpublished) (overruling the district court’s acceptance of Little’s objection to the applicability of § 4B1.1 and holding that the probation office had correctly determined that § 4B1.1 applied to Little’s prior convictions). The district court sustained Little’s objection and concluded that § 4B1.1 was inapplicable. See id. at **4-5. The Government appealed, arguing that the district court had improperly construed § 4B1.1. Insofar as the plea agreement itself requires that the sentence be imposed in conformity with the sentencing guidelines,[3] and § 4(c) of the plea agreement simply renders § 4B1.1 applicable upon the probation officer’s determination that such treatment is warranted, our pri- or determination that Little’s sentence was imposed in violation of the guidelines implies a high probability of success for any argument that Little’s objection to career offender treatment also violated the plea agreement. Id. at *5 (holding that Little’s sentence was not imposed in accordance with the guidelines). Thus, in light of Little’s apparent breach of the plea agreement, any argument raised pursuant to Guevara by Little’s counsel likely would not have prevailed. Because the argument was not a “dead-bang winner,” United States v. Cook, 45 F.3d 388, 395 (10th Cir.1995), but a probable loser, the failure to make it cannot conclusively demonstrate ineffective assistance of counsel.[4] Smith v. *208 Robbins, 528 U.S. 259, 287-88, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (noting that counsel need not raise issues that lack merit); Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (same).
2.
As to the second basis, the likelihood that Little would have been found to have breached the plea agreement provided a substantial disincentive to raising the Guevara argument because it placed the benefits of the agreement at risk. The plea agreement provides, “[i]n the event that the defendant fails to comply strictly with this Plea Agreement, he understands and agrees that the Plea Agreement will become null and void, except that the defendant’s plea of guilty, and the resulting guilty verdict will stand.” (J.A. at 12.) The concluding paragraph of the plea agreement reiterates the effect of a finding that Little breached the plea agreement by stating, “[t]he defendant understands that if he violates this agreement ... the United States may void this agreement, and that the defendant’s plea of guilty and the resulting guilty verdict will stand.” (J.A. at 14.) Thus, raising the Guevara argument necessarily may have prompted the Government to argue that Little breached the plea agreement, which in turn may have led to a finding to this effect, leaving Little bound by his guilty plea with respect to Count One while subjecting him to reinstatement of Count Two.
C.
The majority concludes that whether Little breached the plea agreement is “academic” because, it asserts, the Government waived any argument that Little breached the plea agreement, relying upon United States v. Fant, 974 F.2d 559, 562 (4th Cir.1992). Maj. op. at 205. However, in Fant, we clarified that the plain error analysis in the context of failure to raise a breach of the plea agreement argument focuses on whether the district court committed “plain error in the sentencing determination.” Id. (emphasis added). In Little, we determined that the district court’s sentencing determination was erroneous, see Little, 1999 WL 156153, at **1, 4-5, and the error was plain. The error also affected the Government’s substantial rights under the plea agreement, in that it was “so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings.” Fant, 974 F.2d at 564 (holding that the district court plainly erred in allowing the Government to seek an enhanced sentencing level contrary to that provided within the plea agreement); see also United States v. Perkins, 108 F.3d 512, 517 (4th Cir.1997) (“[T]he district court’s plain error allowed Perkins to receive an unwarranted 52 month reduction, thereby affecting the substantial rights of the government and the people of the United States that this defendant be sentenced correctly” and “[t]he bestowing of a wind-fall sentence reduction ... also seriously affects the fairness, integrity, and public reputation of judicial proceedings.” (internal quotation marks omitted)). Thus, I disagree that the Government’s failure to argue Little’s breach of the plea agreement would have barred the Government from successfully advancing such an argument on appeal, and Fant, upon which the *209 majority principally relies for this point, substantially undermines this conclusion.[5] Moreover, it is not necessary to establish definitively that the Government would have prevailed on a breach of plea agreement argument to determine that counsel did not conclusively render unconstitutionally deficient legal assistance. Rather, I undertake only to demonstrate that it is not certain that the Government was barred from appealing; thus, the argument was not, as the majority asserts, “a clear, winning argument on appeal.” Maj. op. at 205.
D.
Without further evidentiary development, including the testimony of Little’s counsel, it is impossible to conclude that an argument for dismissal premised upon Guevara would have been successful, and it is clear that such a motion had serious drawbacks. Had counsel decided against arguing for dismissal of the Government’s appeal for the reasons discussed above or for other strategic reasons, I do not believe it would be appropriate to conclude that counsel’s performance fell below an objective level of reasonableness. Accordingly, I disagree that the record is conclusive as to whether Little’s counsel should be deemed to have rendered unconstitutionally deficient legal assistance. As we have held repeatedly, “[t]ypically the competency of counsel is best left for collateral review because ... the record is usually inadequately developed. The record often reveals only ambiguous symptoms of a more complex set of relationships which cannot be adequately addressed on direct appeal.” United States v. Tatum, 943 F.2d 370, 379 (4th Cir.1991); see also United States v. White, 238 F.3d 537, 539 n. 1 (4th Cir.2001) (noting that this Court does not review ineffective assistance claims on direct appeal when the record does not conclusively establish the ineffectiveness of counsel); United States v. Hoyle, 33 F.3d 415, 418 (4th Cir.1994) (holding that an ineffective assistance claim was not viable on direct appeal when premised upon an allegedly faulty performance with respect to a plea agreement because the record was not fully developed).
II.
In conclusion, I would affirm Little’s new sentence because the record does not conclusively demonstrate that Little’s counsel was ineffective, and the record does conclusively demonstrate that, upon resentencing, Little received the legally correct sentence under the guidelines and the plea agreement. Thus, Little’s ineffective assistance of counsel claim should be brought, if at all, in a collateral proceeding pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp.2000).

. The majority fails to address whether Little’s counsel's performance was constitutionally deficient, stating that the Government did not challenge the point. Even assuming, however, that the Government conceded that Little’s counsel’s performance was constitutionally deficient, I believe that it is improper to rely upon the Government’s concession to conclude that Little’s counsel rendered unconstitutionally deficient legal assistance, given that the ineffective assistance claim focuses on the rationales underlying the conduct of defense counsel, to which the Government cannot speak. Instead, we should allow this ineffective assistance of counsel claim to be developed through habeas corpus review, during which an evidentiary hearing may be conducted wherein counsel may have the opportunity to provide insight into his actions and strategies.

. Pursuant to the plea agreement, the Government agreed to dismiss Count Two of the *207 indictment in exchange for Little’s guilty plea as to Count One. As will be discussed further below, the plea agreement also provided that, if Little breached the agreement, his guilty plea with respect to Count One would remain intact, but the remainder of the plea agreement would become null and void. Thus, a finding of breach would allow the Government to reinstate charges against Little with respect to Count Two.

. The plea agreement provides, "any sentence imposed will be in conformity with the United States Sentencing Guidelines.” (J.A. at 9.)

. The majority acknowledges that § 4(c) creates a binding agreement that the career offender section, once determined applicable by the probation officer, "will supply the offense level in lieu of the level recommended by the parties.” Maj. op. at 205. Nevertheless, the *208 majority concludes that Little was entitled to object to career offender treatment. Because the parties explicitly had reached this agreement with respect to the offense level to be used in calculating Little's sentence, I disagree that Little was entitled to object to the use of the agreed-upon offense level. I further disagree with the majority's intimation that, to render a binding obligation under the plea agreement operative, it must be restated in a separate "Waivers” section.

. I note also that the Government may have been entitled to raise Little’s breach of the plea agreement as a gateway claim, which arguably need not be preserved to enable our review of the issue. See United States v. Gonzalez, 16 F.3d 985, 989 (9th Cir.1993) ("Gonzalez’s failure to raise the breach [of the plea agreement] in district court would prevent him from arguing here that he is entitled to a remedy for the breach____ Gonzalez’s inaction, however, has no bearing on whether the government did in fact breach the agreement for purposes of determining whether Gonzalez may bring this appeal at all.”).