**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4730

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ERNEST PEEBLES, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Norman K. Moon, District Judge. (CR-03-165)

Submitted: June 22, 2005          Decided: August 31, 2005

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Sidney H. Kirstein, SIDNEY H. KIRSTEIN ATTORNEY, Lynchburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, Edward A. Lustig, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Ernest Peebles, Jr., pled guilty in May 2004 to possession of five or more grams of crack cocaine with intent to distribute, 21 U.S.C. § 841(a), (b)(1)(B)(iii) (2000), and was sentenced to a term of ninety-two months imprisonment. Peebles now seeks to appeal his sentence. Because he waived his right to appeal, we dismiss the appeal.

Peebles' plea agreement contained the following waiver provision:

> Notwithstanding any other provision of this plea agreement, and understanding that I have no guarantee, based on the recommendations or stipulations contained in this agreement, of any particular disposition by the Court, and understanding that the Court may sentence me up to the maximum provided under the statute to which I am agreeing to plead guilty, I hereby waive my right of appeal as to any and all issues in this case and consent to the final disposition of this matter by the United States District Court. I further waive any right I may have to collaterally attack any sentence imposed in any future proceeding, including but not limited to my rights, if any, under 28 U.S.C. § 2255. I understand that if I pursue any collateral attack on my conviction and sentence, this will constitute a breach of this agreement, and entitle the government to any of its remedies under this agreement.

This court reviews the validity of a waiver de novo. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and

voluntary. <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992); <u>United States v. Wessells</u>, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. <u>Wessells</u>, 936 F.2d at 167-68.

At the guilty plea hearing, after the Fed. R. Crim. P. 11 colloquy, Peebles acknowledged that he had read, understood, and signed the plea agreement. The court asked Peebles' attorney to summarize the plea agreement and specifically asked whether it contained a waiver of appeal rights. Peebles' attorney informed the court that his client was waiving his right to appeal under the terms of the agreement. The court then asked Peebles whether his attorney had said anything contrary to his understanding of the agreement. Peebles answered in the negative.

Peebles argues that he did not "waive challenges or objections to the ultimate sentence of the judge," and that an appeal "from such rulings, as opposed to case issues," is not precluded. This claim ignores the language of Section H of Peebles' plea agreement, quoted above, which sets out a comprehensive waiver of his right to appeal the sentence. Peebles contends further that Section C of his plea agreement "should be construed to allow appeals from guideline rulings." Section C states that the government would recommend a sentence at the low

end of the guideline range, but that the court was not obligated to follow the government's recommendation, and that a sentence that varied from the government's recommendation did not constitute a basis for withdrawal of the guilty plea. We are not persuaded that Section C gives Peebles the right to appeal his sentence.

Citing United States v. Guevara, 941 F.2d 1299 (4th Cir. 1991), Peebles maintains that, "given the one-sided nature of the document prepared by the Government," he should have the same appeal rights as the government. His reliance on Guevara is misplaced because it dealt with a plea agreement that contained a waiver of the defendant's right to appeal but was silent as to the government's appeal rights. Guevara held that "such a provision against appeals must also be enforced against the government, which must be held to have implicitly cast its lot with the district court, as the defendant explicitly did." 941 F.2d at 1299-1300. Peebles' plea agreement is distinguishable because Peebles explicitly waived his right to appeal and the government explicitly retained its right to appeal.

Finally, Peebles argues that his waiver was not knowing and voluntary because he could not know when he entered into the plea agreement in May 2004 what errors the district court might later commit at the sentencing hearing. However, we recently held that a waiver of the right to appeal contained in a plea agreement that was accepted before the Supreme Court's decision in United

States v. Booker, 125 S. Ct. 738 (2005), was not invalidated by a subsequent change in the law. United States v. Blick, 408 F.3d 162, 170-73 (4th Cir. 2005).

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED