**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4581

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WYOMING FITZGERALD GILLIAM,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Terrence W. Boyle, Chief District Judge.  (CR-03-25-BO)

Submitted:  September 30, 2005      Decided:  November 2, 2005

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Windy C. Venable, Research and Writing Specialist, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wyoming Fitzgerald Gilliam pled guilty to possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and was sentenced to a term of seventy months of imprisonment. Gilliam now seeks to appeal his sentence. Because he waived his right to appeal, we grant the Government's motion to dismiss the appeal.

This court reviews the validity of a waiver de novo. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. Wessells, 936 F.2d at 167-68.

This court determined in United States v. Blick, 408 F.3d 162 (4th Cir. 2005), that a waiver of the right to appeal in a plea agreement entered into prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), was not invalidated by the change in law effectuated by that decision and that the

<u>Booker</u> error fell within the scope of Blick's generic waiver. <u>Blick</u>, 408 F.3d at 170, 173 ("[A]t the time he entered the plea agreement, both Blick and the United States expressly contemplated and agreed that he would be sentenced in exactly the manner in which he was, in fact, sentenced: the pre-<u>Booker</u> Guidelines system."); <u>see also</u> <u>United States v. Johnson</u>, 410 F.3d 137 (4th Cir. 2005) (rejecting Johnson's argument that a defendant cannot waive the right to an appeal based on subsequent changes in the law). Gilliam's plea agreement similarly expressly contemplated he would be sentenced in accordance with the sentencing guidelines.

Gilliam's contention that his claim does not fall within the scope of the appeal waiver because it concerns an upward departure is without merit. An upward departure is a sentence that departs from the applicable sentencing guidelines range. <u>U.S. Sentencing Guidelines Manual</u> § 5K2.0. The district court did not impose an upward departure in sentencing Gilliam because it did not depart from the correctly calculated sentencing guidelines range.

Further, Gilliam's reliance on <u>United States v. Guevara</u>, 941 F.2d 1299 (4th Cir. 1991), to argue that the Government may not seek to enforce the waiver because it was too one-sided is misplaced. In <u>Guevara</u>, this court construed a plea agreement that contained a waiver of the defendant's right to appeal but was silent as to the government's appeal rights. We held that "such a provision against appeals must also be enforced against the

government, which must be held to have implicitly cast its lot with the district court, as the defendant explicitly did." <u>Guevara</u>, 941 F.2d at 1299-1300. Gilliam's plea agreement is distinguishable because Gilliam explicitly waived his right to appeal and the Government explicitly retained its right to appeal in the plea agreement.

Finally, Gilliam does not dispute that his waiver was knowing and voluntary. The appeal waiver was unambiguous, it was reviewed by the court, and Gilliam acknowledged his understanding of the waiver at the plea hearing. We therefore find the plea waiver is both valid and enforceable.

Accordingly, the Government's motion to dismiss this appeal is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>