**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4579**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEROY BURTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-03-116-F)

Submitted:  August 16, 2006       Decided:  September 26, 2006

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas Peter McNamara, Federal Public Defender, Stephen Clayton Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Leroy Burton pled guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371 (2000), and two counts of aiding and abetting bank fraud, in violation of 18 U.S.C. § 1344 (2000), and was sentenced to a term of 57 months' imprisonment. Burton now seeks to appeal his sentence. Because he waived his right to appeal, we grant the Government's motion to dismiss and dismiss the appeal.

This court reviews the validity of a waiver de novo. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. Wessells, 936 F.2d at 167-68.

This court determined in United States v. Blick, 408 F.3d 162 (4th Cir. 2005), that a waiver of the right to appeal in a plea agreement entered into prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), was not invalidated

by the change in law effectuated by that decision and that the Booker error fell within the scope of Blick's generic waiver. Blick, 408 F.3d at 170, 173 ("[A]t the time he entered the plea agreement, both Blick and the United States expressly contemplated and agreed that he would be sentenced in exactly the manner in which he was, in fact, sentenced: the pre-Booker Guidelines system."); see also United States v. Johnson, 410 F.3d 137 (4th Cir. 2005) (rejecting Johnson's argument that a defendant cannot waive the right to an appeal based on subsequent changes in the law). Burton's plea agreement similarly expressly contemplated he would be sentenced in accordance with the Sentencing Guidelines.

Burton's contention that his claim does not fall within the scope of the appeal waiver because it concerns an upward departure is without merit. An upward departure is a sentence that departs from the applicable sentencing guidelines range. U.S. Sentencing Guidelines Manual § 5G1.1(A). The district court did not impose an upward departure in sentencing Burton because it did not depart from the correctly calculated sentencing guidelines range.

Further, Burton's reliance on United States v. Guevara, 941 F.2d 1299 (4th Cir. 1991), to argue that the Government may not seek to enforce the waiver because it was too one-sided is misplaced. In Guevara, this court construed a plea agreement that contained a waiver of the defendant's right to appeal but was

silent as to the government's appeal rights.  This court held that "such a provision against appeals must also be enforced against the government, which must be held to have implicitly cast its lot with the district court, as the defendant explicitly did." <u>Guevara</u>, 941 F.2d at 1299-1300.  Burton's plea agreement is distinguishable because Burton explicitly waived his right to appeal and the Government explicitly retained its right to appeal in the plea agreement.

Finally, Burton does not dispute that his waiver was knowing and voluntary.  The appeal waiver was unambiguous, it was reviewed by the court, and Burton acknowledged his understanding of the waiver at the plea hearing.  We therefore find the plea waiver is both valid and enforceable.

Accordingly, we grant the Government's motion to dismiss and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>