**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gardener M. WASHINGTON, Defendant–Appellant.**

**No. 02–1965.**

United States Court of Appeals, Seventh Circuit.

Submitted April 28, 2003.

Decided April 28, 2003.

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

ORDER

Gardener M. Washington pleaded guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), and three counts of possession of crack with intent to distribute, *id.* § 841(a)(1). The district court sentenced Washington to concurrent sentences totaling 168 months' imprisonment

followed by five years' supervised release and imposed a $1,000 fine and $400 in special assessments. Washington filed a timely notice of appeal, but his appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that he is unable to discern any non-frivolous issues for appeal. Because Washington declined our invitation to file a response, *see* Cir. R. 51(b), and counsel's *Anders* brief is facially adequate, we limit our review of the record to the potential issues identified in the brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first considers whether Washington could challenge the voluntariness of his guilty pleas on the basis that the district court failed to comply with Federal Rule of Criminal Procedure 11. (We assess this potential argument because after consulting with counsel Washington voiced a desire to have his pleas set aside. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002)). Washington did not move to withdraw his pleas in the district court; thus, only plain error could justify relief. *See United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). Because the district court substantially complied with Rule 11,[1] we agree with counsel that any challenge to Washington's guilty pleas would be frivolous. The district court informed Washington of the nature of the charges, the possible penalties he faced, the effect of supervised release, and the application of the sentencing guidelines to his case. Fed.R.Crim.P. 11(c)(1). The court also informed him of his right to maintain his pleas of not guilty, explained the various rights that he was giving up by pleading guilty, and confirmed that an adequate factual basis exist-

ed for the pleas. Fed.R.Crim.P. 11(c)(3), (4), 11(f). Further, the court questioned Washington to ensure that he was not pressured or coerced to plead guilty, Fed. R.Crim.P. 11(d), and explained to him that his sworn testimony at the plea colloquy could be used against him in a future perjury prosecution, Fed.R.Crim.P. 11(c)(5). And the court explained the effect of the waiver in the plea agreement of Washington's right to appeal or otherwise attack his sentence. Fed.R.Crim.P. 11(c)(5).

That waiver renders Washington's remaining potential argument—a sentencing challenge—frivolous. Counsel considers whether Washington could challenge the application of the guidelines used in calculating his terms of imprisonment and supervised release, but notes that Washington agreed to waive his right to appeal those terms so long as they were within the "maximum provided in the statute(s) of conviction." Because the terms of imprisonment and supervised release are within the statutory maximums and the waiver is not subject to challenge, we agree with counsel that Washington could not advance a non-frivolous argument about his sentence. *See United States v. Hare*, 269 F.3d 859, 860 (7th Cir.2001) (waiver of right to appeal sentence valid so long as underlying plea agreement valid).

Therefore, we GRANT counsel's motion to withdraw and DISMISS Washington's appeal.

---

1. Rule 11 was amended effective December 1, 2002; we consider the version in effect at the time Washington entered his pleas in October 2001.