**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2005
Decided June 2, 2005

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 03-1478

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 01 CR 1115-5 |
| TINO GUZMAN, *Defendant-Appellant*. | Milton I. Shadur, *Judge*. |

**O R D E R**

Tino Guzman pleaded guilty in accordance with a plea agreement to one count of conspiring to possess and distribute over one kilogram of PCP—punishable by up to life imprisonment, *see* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iv)—and was sentenced to 262 months' imprisonment. He filed a notice of appeal, but his counsel perceives only frivolous arguments and therefore moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Guzman has not responded to counsel's motion, *see* Cir. R. 51(b), and so we limit our review to the potential issues counsel identifies in his facially adequate supporting briefs. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel informs us that Guzman does not want to withdraw his guilty plea, so he appropriately omits any discussion of potential challenges to the conviction

itself. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). And as to Guzman's sentence, counsel correctly recognizes that the immediate obstacle Guzman faces is the wavier of appeal included in his plea agreement. That provision of the agreement recites that Guzman "knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined)." Review is thus foreclosed unless Guzman could successfully challenge the appeal waiver's validity, and he could not do that without also unraveling the entire plea agreement. *See United State v. Whitlow,* 287 F.3d 638, 640 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001); *United States v. Wenger*, 58 F.3d 280, 282-83 (7th Cir. 1995). Since Guzman still wants to keep the benefit of the government's concessions, any attempt to escape the appeal waiver—including one based on *United States v. Booker*, 125 S. Ct. 738 (2005)—would be frivolous. *See United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005) (stating that *Booker* did not create an exception to the rule requiring enforcement of an unqualified appeal waiver as written); *Hare*, 269 F.3d at 861 (stating that "a waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled").

Counsel's motion to withdraw is GRANTED, and this appeal is DISMISSED.