**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2006
Decided February 1, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 05-2341 | |
| | Appeal from the United States District |
| UNITED STATES OF AMERICA, | Court for the Northern District of |
| *Plaintiff-Appellee,* | Indiana, Hammond Division |
| | |
| *v.* | No. 2:04 CR 59-01 |
| | |
| TOMMIE L. JOHNSON, | Rudy Lozano, |
| *Defendant-Appellant.* | *Judge.* |

### O R D E R

Tommie Johnson pleaded guilty in accordance with a plea agreement to one count of dealing at least five grams of crack, *see* 21 U.S.C. 841(a)(1), and was sentenced to 108 months' imprisonment. In the plea agreement, Johnson recites that "I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or sentence was determined or imposed, to any Court on any ground" other than ineffective assistance of counsel relating to the waiver. Johnson filed a notice of appeal, but his appointed counsel perceives only frivolous arguments and therefore moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We have given Johnson the opportunity to respond to counsel's motion, *see* Cir. R. 51(b), but he has chosen not to, and so we limit our review to the potential issues counsel identifies in his facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel informs us that Johnson does not want his guilty plea set aside, so it is appropriate that counsel refrains from discussing potential challenges to the conviction and sentence. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Review is generally foreclosed unless Johnson could successfully challenge the appeal waiver's validity, which he does not seek to do. *See United States v. Lockwood*, 416 F.3d 604, 607 (7th Cir. 2005); *United State v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001). Since Johnson still wants to keep the benefit of the government's concessions in the plea agreement, any attempt to escape the appeal waiver would be frivolous. *See Lockwood*, 416 F.3d at 607 (stating that Rule 11 does not permit piecemeal rejection of plea agreement provisions); *Hare*, 269 F.3d at 861 (stating that "a waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled").

Counsel also assesses whether to argue the only claim left open by the appeal waiver—ineffective assistance of counsel in negotiating the waiver itself. But this too is unavailable given Johnson's unwillingness to withdraw his plea, *see Knox*, 287 F.3d at 671-72, and in any event would be more appropriately considered on collateral rather than direct review, *see Galbraith v. United States*, 313 F.3d 1001, 1007-08 (7th Cir. 2002).

Counsel's motion to withdraw is GRANTED, and this appeal is DISMISSED.