**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 19, 2006
Decided June 20, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3355

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No.03-30093-001 |
| EARL C. YOAKUM,<br>    *Defendant-Appellant.* | Jeanne E. Scott,<br>*Judge.* |

**O R D E R**

After threatening two men with a shotgun, Earl Yoakum pleaded guilty to possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1).  In his plea agreement he waived the right to appeal his conviction and sentence, except that he reserved the right to challenge "a finding that his sentencing guideline range was higher than" as stipulated in the agreement.  The parties stipulated that Yoakum's guidelines range was 84 to 105 months based on a total offense level of 25 and a tentative prediction that his criminal history category would be IV.  But the presentence investigation turned up much more criminal history—34 criminal history points, to be exact—leading the probation officer to conclude that Yoakum's criminal history category was VI.  The sentencing court relied on that conclusion

and determined Yoakum's guidelines range to be 110 to 120 months. (The high end of the range was technically 137 months, but the offense carries a 10-year statutory maximum. *See* 18 U.S.C. § 924(a)(2).) The court then explained that it would have ordered Yoakum's sentence to run concurrently with the undischarged portion of a state sentence he was already serving, but it could not because while Yoakum's federal sentencing was delayed for seven months he completed his state sentence. The court took those seven months into account in sentencing Yoakum to 103 months' imprisonment, followed by three years' supervised release.

This case comes to us on counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because she cannot discern a nonfrivolous basis for appeal. Yoakum has not responded to our notice under Circuit Rule 51(b). We therefore review only the potential issues identified by counsel. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first considers arguing that Yoakum's guilty plea was not knowing and voluntary. But she does not suggest that Yoakum wants his plea set aside, so the point should not have been addressed. *See United States v. Knox,* 287 F.3d 667, 670-72 (7th Cir. 2002). And since Yoakum has not indicated that he wants the plea agreement set aside, any argument not reserved in his appeal waiver would be frivolous. *See United States v. Lockwood,* 416 F.3d 604, 607 (7th Cir. 2005) (explaining that Rule 11 does not allow piecemeal acceptance of portions of plea agreement); *United States v. Hare,* 269 F.3d 859, 860 (7th Cir. 2001) ("A waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled").

Counsel is left with the only potential argument reserved by the appeal waiver—that the guidelines range determined by the sentencing court is too high. But this argument would be frivolous because the court was not bound by the stipulated range in the plea agreement, *see* Fed. R. Crim. P. 11(c)(1)(B) (establishing that government's recommendation of particular sentence in plea agreement does not bind court); U.S.S.G. § 6B1.4(d) (stating that court is not bound by stipulation in plea agreement); *United States v. Mankiewicz,* 122 F.3d 399, 403 n.1 (7th Cir. 1997) ("[A]s the Guidelines themselves make clear, although the plea agreement binds the parties, it does not bind the court."), and the agreement itself recognizes that Yoakum's anticipated criminal-history category could change upon completion of the presentence investigation. Most importantly, counsel is unable to suggest any possible error in Yoakum's criminal history score.

Counsel's motion to withdraw is therefore GRANTED and the appeal DISMISSED.