**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 25, 2006
Decided September 26, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4492

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    v.<br><br>GREGORIO OCHOA-ROCHEL,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division<br><br>No. 1:05CR00008-011<br><br>Sarah Evans Barker,<br>*Judge.* |

**O R D E R**

Gregorio Ochoa-Rochel pleaded guilty to conspiring to possess with intent to distribute in excess of 500 grams of cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to ten years' imprisonment. In his plea agreement Ochoa-Rochel waived his right to appeal his conviction or sentence, but he nevertheless filed a notice of appeal. His appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Ochoa-Rochel has not accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issues identified by counsel. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first considers whether Ochoa-Rochel could argue that his guilty plea was not knowing or voluntary. But counsel also informs us that Ochoa-Rochel has never indicated that he wanted to withdraw his guilty plea. Thus counsel should not have considered this argument. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next considers whether Ochoa-Rochel could challenge the validity of the appeal waiver. The appeal waiver in Ochoa-Rochel's plea agreement was a promise by Ochoa-Rochel to forego challenging his "conviction and any sentence imposed on any ground" so long as the district court sentenced him at or below the low end of the applicable guidelines imprisonment range. The plea agreement also acknowledged that, in the event the low end of that range fell below the statutory minimum term of imprisonment, the statutory minimum would become the guidelines sentence. *See* U.S.S.G. § 5G1.1(b); *United States v. King*, 62 F.3d 891, 893 (7th Cir. 1995). Although the district court initially calculated a guidelines imprisonment range for Ochoa-Rochel of 84 to 105 months, a prior felony drug conviction subjected him to a ten-year statutory minimum term of imprisonment. *See* 21 U.S.C. 841(b). Thus the ten-year statutory minimum became the applicable guidelines sentence, and the district court sentenced him to the minimum applicable guidelines sentence. Ochoa-Rochel is accordingly bound by the appeal waiver unless he wants his entire plea agreement set aside, *see United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002), and he has not sought this relief, *see United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001) ("A waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled."). But even if the waiver is ineffective, counsel has identified no other non-frivolous arguments to pursue on this appeal.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.