**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 11, 2006
Decided October 19, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-1360

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 04-CR-798-1 |
| GREGORY TAYLOR, *Defendant-Appellant*. | David H. Coar, *Judge*. |

**O R D E R**

Gregory Taylor traveled to Mississippi and purchased three .45-caliber pistols hoping that he might be able to sell them in Illinois.  He was arrested in Chicago when he delivered the guns to the potential buyer, a gang member who was cooperating with the police.  Taylor plead guilty to a single count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 120 months' of imprisonment.  In his plea agreement, Taylor stipulated that during the two years prior to his arrest he had also purchased approximately 50 other guns in Mississippi and sold them to Chicago gang members.  In his plea agreement Taylor specifically bargained for the sentence he received, *see* Fed. R. Crim. P. 11(c)(1)(C), and waived his right to appeal his sentence with limited exceptions.  Taylor appealed anyway, and his counsel now seeks to withdraw under *Anders v.*

*California*, 386 U.S. 738 (1967), because he is unable to discern any nonfrivolous basis for argument. We invited Taylor to respond to his counsel's motion, *see* Cir. R. 51(b), and he has done so. Thus, our review is limited to the potential issues identified in counsel's facially adequate brief and Taylor's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel has advised us that Taylor does not want his guilty plea set aside, and Taylor does not dispute that representation in his Rule 51(b) response. Thus, counsel appropriately refrains from discussing potential challenges to the conviction. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel is left with the possibility of challenging the appeal waiver's validity. *See United States v. Lockwood*, 416 F.3d 604, 607-08 (7th Cir. 2005); *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001). In his Rule 51(b) response, Taylor argues that the district court should not have factored in the additional 50 guns when calculating his guidelines imprisonment range. But since Taylor still wants to retain the benefit of the government's concessions in the plea agreement, any attempt to escape the appeal waiver would be frivolous. *See Whitlow*, 287 F.3d at 640 ("[A] waiver of appeal stands or falls with the rest of the bargain"); *Hare*, 269 F.3d at 861 ("[A] waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled").

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.