NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 25, 2007
Decided July 26, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-3643

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 04-CR-860-1 |
| OMARI ANDREWS, *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

## O R D E R

Omari Andrews pleaded guilty to one count of possessing crack with intent to distribute, *see* 21 U.S.C. § 841(a)(1), and one count of possessing a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A).  In his plea agreement Andrews waived any right to appeal his convictions or sentences, but he nevertheless filed a notice of appeal.  His appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Andrews has not accepted our invitation to comment on counsel's motion.  *See* Cir. R. 51(b).  Because counsel's supporting brief is facially adequate, we limit our review to the potential issues identified by counsel.  *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997).

Andrews promised in his plea agreement to forego challenging his convictions or sentences so long as the district court sentenced him within the statutory maximum and ran the federal terms of imprisonment concurrent with Andrews's prior undischarged state term of imprisonment. Andrews was subject to a maximum of 40 years' imprisonment on the drug count, *see* 21 U.S.C. § 841(b)(1)(B)(iii), and life on the firearm count, *see* 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced him to a total of 97 months (which was 50 months below the guidelines range) to run concurrently with his state sentence. Accordingly, Andrews is bound by the appeal waiver unless he wants his entire plea agreement set aside. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001) (explaining that a "waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled"). And counsel advises that Andrews does not seek this relief.

To the extent that counsel considers whether Andrews could challenge the execution of his sentence, counsel is correct that the issue would be beyond the scope of direct appeal. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000) (explaining that challenges to duration of prisoner's confinement must be brought under 28 U.S.C. § 2241 after exhaustion of administrative remedies).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.