NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 17, 2007
Decided October 18, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 07-1528

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> JOHN J. SLOAN, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 06-CR-136 <br><br> William C. Griesbach, <br> *Judge.* |

**O R D E R**

John Sloan pleaded guilty to one count of conspiracy to distribute more than 50 grams of crack. *See* 21 U.S.C. §§ 841(a), 846. He had a prior felony drug conviction, so the district court was required to sentence him to a minimum term of 20 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). The court sentenced him to the statutory minimum, which was below the guidelines range. Sloan agreed in a written plea agreement to waive his right to appeal his conviction and sentence, but directed his appointed counsel to file a notice of appeal. Counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for appeal. Sloan has not accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issues he identifies. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Sloan promised in his plea agreement that he would not challenge his conviction or sentence, except on a few limited grounds that are not relevant here. Accordingly, Sloan is bound by the appeal waiver unless he wants his entire plea agreement set aside. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002); *United States v. Hare,* 269 F.3d 859, 860 (7th Cir. 2001) (explaining that a "waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled"). Counsel advises that Sloan does not seek this relief, which Sloan does not dispute in a response under Rule 51(b); thus we agree with counsel that any challenge to Sloan's conviction or sentence would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.