NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 14, 2007
Decided May 30, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-4210

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| *v.* | No. 2:06 CR 39-01 |
| BRANDON T. THOMAS, *Defendant-Appellant*. | Rudy Lozano, *Judge*. |

**O R D E R**

Brandon Thomas pleaded guilty to one count of possession with intent to distribute at least 5 grams of crack. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). He agreed in a written plea agreement that the district court should sentence him at the high end of the guidelines range, which the court did, ordering Thomas to serve 71 months in prison. Thomas also agreed to waive his right to appeal his conviction and sentence, but in spite of this he directed his appointed counsel to file a notice of appeal anyway. Counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he has been unable to discern a nonfrivolous basis for appeal. Thomas has not accepted our invitation to

comment on counsel's motion. *See* CIR. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issues in that brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Thomas promised in his plea agreement that he would not challenge his conviction or sentence, except on a few limited grounds that are not relevant here. Accordingly, Thomas is bound by the appeal waiver unless he wants his entire plea agreement set aside. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001). Counsel advises that Thomas does not seek this relief, a representation that Thomas could have but has not disputed in a response under Rule 51(b). We thus we agree with counsel that any challenge to Thomas's conviction or sentence would be frivolous.

Counsel also points out that the sentencing judge remarked that he could presume reasonable any sentence within the guidelines range. This presumption applies only to appellate review of a sentence; the district court must impose a sentence that comports with the factors in 18 U.S.C. § 3553(a) and may not presume that a within-guidelines sentence is reasonable. *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); *United States v. Miranda*, 505 F.3d 785, 791 (7th Cir. 2007). If Thomas had not waived his right to challenge the sentence, we would consider the relevance of Thomas's concession in his plea agreement that it was appropriate for the court to sentence him at the high end of the guidelines range, which the court did. But a potential challenge to the sentence based on the judge's remark is necessarily frivolous because Thomas gave up his right to challenge his sentence based on this or any other perceived sentencing error. *See United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 636-37 (7th Cir. 2005). That waiver is also broad enough to cover developments in the law that post-dated Thomas's sentencing, such as the freedom district courts now have under *Kimbrough v. United States*, 128 S.Ct. 558 (2007), to disagree with 100:1 disparity in the guidelines for crack relative to powder cocaine offenses. *See Lockwood*, 416 F.3d at 608.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.