NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 21, 2009
Decided May 21, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2307

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> COREY TAYLOR, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. <br><br> 2:06 CR 232 PS <br><br> Philip P. Simon, <br> *Judge*. |

**O R D E R**

Corey Taylor pleaded guilty to distributing crack, 21 U.S.C. 841(a)(1), and was sentenced to 135 months' imprisonment.  As part of his plea agreement he waived his right to appeal.  Taylor appealed anyway, but his appointed lawyers have moved to withdraw because they cannot discern a nonfrivolous basis for appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  Taylor has not responded to counsel's submission under Circuit Rule 51(b).

We limit our review to the potential issues counsel identify.  *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Taylor does not wish to have his guilty plea set aside, so counsel properly refrain from examining the plea colloquy or the voluntariness of the plea.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).  Accordingly, the plea agreement is enforceable and so is the appellate waiver, *see United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007); *United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001), which renders this appeal frivolous. Counsel's motion is GRANTED, and the appeal is DISMISSED.