NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2009
Decided May 22, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-3434

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 07 CR 106 |
| TERRANCE LITTLES, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

Terrance Littles sold crack to an informant, and afterward the police searched him and his truck and found more crack and the buy money, as well as guns, ammunition, and marijuana. Facing a six-count indictment, Littles agreed to plead guilty to one count of possessing a firearm after a felony conviction, *see* 18 U.S.C. § 922(g)(1). In exchange for that plea and a written waiver of appeal, the government dismissed the other charges. Littles already had a string of convictions that qualified him as an armed career criminal, and the district court sentenced him to 180 months, the statutory minimum. *See* 18 U.S.C. § 924(e)(1). Littles filed a notice of appeal, but his appointed counsel now seeks to

withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Littles opposes counsel's submission. *See* CIR. R. 51(b).

Littles wants to challenge his prison sentence, but he does not seek to undermine his guilty plea. Counsel thus appropriately omits any discussion about the adequacy of the plea colloquy, *see* FED. R. CRIM. P. 11(b), or the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). And since the appeal wavier in the plea agreement stands or falls with the guilty plea, *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007); *United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001), any appellate issue concerning Little's sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.