NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 29, 2009
Decided July 30, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-3466

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 05 CR 880-3 |
| ANDREW TYMS, | |
| *Defendant-Appellant.* | Matthew F. Kennelly, *Judge.* |

**O R D E R**

Andrew Tyms pleaded guilty to conspiring to distribute and possess with intent to distribute more than 500 grams of powder cocaine and more than 50 grams of crack. *See* 21 U.S.C. §§ 846, 841(a)(1). In the plea agreement, Tyms waived his right to appeal his conviction and any part of his sentence or the manner in which it was determined, provided that the government moved for a below-guidelines sentence. Appellate counsel asserts that the waiver applies and requests permission to withdraw because he cannot discern a nonfrivolous issue for appeal. *See Anders v. California*, 382 U.S. 738 (1967). Tyms has not responded to counsel's submission, *see* CIR. R. 51(c), and so we confine our review

to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

This was Tyms's second attempt at pleading guilty. The district court rejected the first plea agreement because neither side had contemplated that Tyms would be sentenced as a career offender, U.S.S.G. § 4B1.1, which would have more than doubled the anticipated sentence. But the court accepted the second plea agreement, which was made under Federal Rule of Criminal Procedure 11(c)(1)(C), binding the court to sentence Tyms according to the terms negotiated by the parties. The parties agreed that Tyms would be sentenced within a range of 126 to 157 months' imprisonment as long as the government moved under United States Sentencing Guideline § 5K1.1 for a sentencing reduction. At sentencing the government moved for the reduction, and the court sentenced Tyms to 126 months' imprisonment.

In his *Anders* brief, counsel first notes that Tyms has not indicated that he wishes to challenge his guilty plea and therefore properly refrains from analyzing the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2001).

Next, Counsel considers whether Tyms could challenge the appeal waiver. But as counsel notes, the government triggered the waiver under the terms of the plea agreement by moving for a reduced sentence. *See United States v. Suggs*, 374 F.3d 508, 519 (7th Cir. 2004). And since Tyms does not challenge his guilty plea, the appeal waiver stands with the plea. *See Nunez v. United States*, 546 F.3d 450, 454 (7th Cir. 2008); *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001).

Counsel next considers whether Tyms may challenge his sentence negotiated under Rule 11(c)(1)(C). *See, e.g.,* 18 U.S.C. § 3742(a), (c); *United States v. Gibson*, 356 F.3d 761, 765 (7th Cir. 2004). Any such challenge, however, would be foreclosed by the appeal waiver.

And finally, we agree with counsel that Tyms should save any claims of ineffective assistance of counsel for collateral proceedings, rather than direct review, so that a more complete record may be made. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543 (7th Cir. 2005).

Accordingly, we **GRANT** the motion to withdraw and **DISMISS** the appeal.