**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 12, 2009
Decided August 12, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-2114

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 07 CR 783 |
| JAIME BARRAZA CRUZ, | |
| *Defendant-Appellant.* | Matthew F. Kennelly, |
| | *Judge.* |

**O R D E R**

Jaime Barraza Cruz ("Barraza"), a Mexican citizen, pleaded guilty to being in the United States without permission after his removal. *See* 8 U.S.C. § 1326(a). In his plea agreement Barraza waived the right to appeal "his conviction and any part of his sentence." Barraza has an extensive criminal history, including two previous drug convictions, and he committed the current offense within two years of his last release from prison and while still on supervised release. As part of the plea agreement, the government did not pursue charges for violation of supervised release. In light of Barraza's family circumstances, the district court sentenced him to 64 months in prison, in the middle of the applicable guidelines range. Barraza filed a notice of appeal, but his appointed counsel now seeks to withdraw because he cannot discern a nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738, 744 (1967). Barraza has not accepted our invitation to respond to

counsel's submission. *See* CIR. R. 51(b). We confine our review to the potential issues outlined in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Barraza wants to challenge his prison sentence, but he does not seek to undermine his guilty plea. Counsel thus appropriately omits any discussion about the adequacy of the plea colloquy or the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Accordingly, the plea agreement is enforceable and so is the appellate waiver, *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007); *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001). Any appellate issue concerning Barraza's sentence would be frivolous.

Counsel's motion is GRANTED, and the appeal is DISMISSED.