**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2009
Decided October 9, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3838

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division. |
| *v.* | No. 07 CR 651-1 |
| JOE VAZQUEZ-OTERO,<br>    *Defendant-Appellant.* | John W. Darrah,<br>*Judge.* |

**O R D E R**

Jose J. Vasquez[1] was charged with conspiracy to possess and distribute controlled substances. *See* 21 U.S.C. §§ 846, 841(a)(1). He entered into a plea agreement that includes a broad waiver of his right to appeal the conviction or sentence. But after the district court imposed a 262-month term of imprisonment, Vasquez filed a notice of appeal despite the waiver. His appointed attorney is unable to find a nonfrivolous basis for the appeal and has

---

[1]Vasquez has previously used several different names including Joe Vazquez-Otero, Joseph J. Vazquez-Otero, Pedro Lopez, Jose Vazquez, Joe Vazquez, Jose Jaime Vazquez, and Jose Jaime Vazquez-Otero.

moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We invited Vasquez to comment on the pending motion. He did not respond. That leaves us with only the potential issues identified in counsel's facially adequate supporting brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Because Vasquez has told counsel that he wants his guilty plea set aside, counsel first addresses whether there is any basis to challenge the plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). In the district court Vasquez did not seek to withdraw his plea; therefore, we would examine the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2008).

Counsel identifies only one omission during the plea colloquy: Vasquez was not informed of his right to a lawyer. *See* FED. R. CRIM. P. 11(b)(1)(D). But when he pleaded guilty Vasquez was represented by appointed counsel, so he must have known of this right, and the omission was harmless. *See United States v. Lovett*, 844 F.2d 487, 491-92 (7th Cir. 1988). Accordingly, we agree with counsel that a challenge to Vasquez's guilty plea would be frivolous.

Counsel next evaluates whether Vasquez could challenge his sentence, but correctly concludes that any potential argument is precluded by the appeal waiver. If the guilty plea stands, so does the waiver. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001). Accordingly, we agree with counsel that a challenge to Vasquez's sentence would be frivolous.

Counsel is not able to identify any other potential issue for appeal. The motion to withdraw is GRANTED, and the appeal is DISMISSED.