UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3407
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER ERWIN,

Appellant
_____

Present: McKEE, <u>Chief Judge</u>, RENDELL, AMBRO, FUENTES,
SMITH, FISHER, CHAGARES, JORDAN, HARDIMAN, GREENAWAY,
VANASKIE, and KRAUSE, and NYGAARD*, <u>Circuit Judges</u>

The petition for rehearing filed by appellant in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the judges of the circuit in regular service not having voted for rehearing, the petition for rehearing by the panel and the Court en banc, is denied.

_____
*Pursuant to Third Circuit I.O.P. 9.5.3., Judge Nygaard's vote is limited to panel rehearing.

Judges Rendell, Ambro, Greenaway, and Vanaskie would have granted the petition for rehearing en banc.

BY THE COURT,

s/ Michael A. Chagares
Circuit Judge

Dated: December 31, 2014
CJG/cc:    David R. Fine, Esq.
            Jeffrey M. Brandt, Esq.
            Norman Gross, Esq.
            Mark E. Coyne, Esq.

---
OPINION SUR REHEARING
---

AMBRO, <u>Circuit Judge</u>, with whom RENDELL, GREENAWAY, JR. and VANASKIE, Circuit Judges, join, dissenting from the denial of the petition for rehearing *en banc*.

Christopher Erwin pled guilty to conspiracy to distribute and to possess with intent to distribute oxycodone. As a part of his plea agreement, he waived most (but not all) of the arguments he otherwise could have raised on appeal. He filed an appeal containing only a waived argument. Because the argument was waived, the sentence should be affirmed. End of case. But the panel opinion is longer than the four sentences it took me to reach the correct result, as it did not affirm Erwin's sentence but vacated it to allow the Government to seek a longer prison term. Thus I explain my disagreement.

This case involves three common concessions of a plea bargain, two by Erwin and one by the Government. Erwin waived his right to appeal his sentence if it fell within or below the United States Sentencing Guidelines' recommendation (240 months' incarceration), and he agreed to cooperate with the Government in its investigation of Erwin's criminal associates. For its part, the Government promised to seek a "downward departure" from the Guidelines' calculation to recognize Erwin's cooperation. *See* U.S.S.G. § 5K1.1. Before sentencing, Erwin complied with his promise to cooperate, and at his sentencing the Government kept its promise and sought a five-level downward departure, resulting in a Guidelines sentence of 151–188 months' imprisonment. Erwin was sentenced to 188 months, and he appealed.

3

As 188 is less than 240, the only argument Erwin can raise on appeal is that affirming his sentence "would work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Artfully cloaked in *Khattak*'s garb, Erwin raises the waived argument that the District Court erred by departing downward from offense level 39 rather than level 38 (which would have led to a sentencing range of 135–168 months). We must therefore ask what do we do with a waived argument.

The panel wrongly calls this a "novel question." *United States v. Erwin*, 765 F.3d 219, 223 (3d Cir. 2014). When a civil litigant, the Government as prosecutor, or a criminal defendant waives an argument, the remedy is to enforce the waiver by not considering the argument, even if it has merit. *Brenner v. Local 514, United Bhd. of Carpenters & Joiners*, 927 F.2d 1283, 1298–99 (3d Cir. 1991); *United States v. Weatherspoon*, 696 F.3d 416, 418 n.2 (3d Cir. 2012); *United States v. Hoffecker*, 530 F.3d 137, 163 (3d Cir. 2008).

From its premise that there is something unusual in a waived argument before the Court, the panel reaches the conclusion that it needs to do more than enforce the waiver and affirm the sentence. Here is the novelty: the District Court may now resentence Erwin without the Government reprising its downward-departure motion, potentially increasing his time in prison by over four years. The opinion relies on statements from contract law, but, on closer examination, contract principles faithfully applied call for a different remedy from the one our Court orders.

The panel presents a false choice between "de novo resentencing" and "withdrawal of the plea" as the appropriate remedies for breach of a plea waiver. *Erwin*,

4

765 F.3d at 231. But the cases it relies on in presenting these unhappy alternatives all involved presentence breaches that relieved the nonbreaching party of as-yet unfulfilled promises in order to restore the parties to the *status quo* before the breach. Here the Government (the nonbreaching party) fulfilled its promise by seeking a downward departure from the Guidelines' sentencing range; *later*, Erwin breached by appealing. To restore the parties to their pre-breach positions, we need only nullify Erwin's appeal. To do this, we should not consider Erwin's arguments, no matter how meritorious.

Rejecting this approach, the panel created the new rule that a "defendant must accept the risk that . . . enforcing the waiver may not be the only consequence" of an appeal. *Id.* at 236. Unlike traditional contract remedies, any consequence that goes beyond enforcing the waiver gives the Government more than it bargained for. Specifically, it bargained for Erwin's cooperation (which it got) and his waiver of the argument that his sentence was calculated incorrectly. We have held that the Government receives "the full benefit of its bargain" when it files "a motion for summary action under Third Circuit L.A.R. 27.4 to enforce the waiver and to dismiss the appeal." *United States v. Goodson*, 544 F.3d 529, 535 n.2 (3d Cir. 2008).[1] Now the Government gets more than the full benefit of its bargain, namely, an opportunity to sentence Erwin again without an obligation to compensate him for his cooperation.

---

[1] For technical reasons not relevant to this case, *Goodson* should have said "affirm the judgment of the district court" instead of "dismiss the appeal." *United States v. Gwinnett*, 483 F.3d 200, 202 (3d Cir. 2007). Nonetheless the substance of *Goodson* remains true: the Government gets the benefit of its bargain when we dispose of appeals under L.A.R. 27.4 without briefing and argument before a merits panel.

The panel provides no sound reason for its new remedy, and I join the growing chorus of commentators who have lamented this decision. *See* Kevin Bennardo, *United States v. Erwin and the Folly of Intertwined Cooperation and Plea Agreements*, 71 Wash. & Lee L. Rev. Online 160 (2014); Alain Leibman, "Third Circuit Holds that Breach of Agreement not to Appeal Justifies Government's Withdrawal of 5K Motion," *White Collar Defense and Compliance* (Sept. 18, 2014), *available at* http://whitecollarcrime. foxrothschild.com/2014/09/articles/sentencing-1/third-circuit-holds-that-breach-of-agreement-not-to-appeal-justifies-governments-withdrawal-of-5k-motion/ ("Not only did the court get it wrong in terms of appreciating the true nature of the parties' exchange of commitments, but it did not even apply contracts law correctly."); Matthew Stiegler, "Divided Court Denies *En Banc* Rehearing in *Erwin* Appeal-Waiver Case," *CA3blog* (December 31, 2014), *available at* http://thirdcircuitblog.com/cases/divided-court-denies-en-banc-rehearing-in-erwin-appeal-waiver-case/ ("An ignominious ending to 2014."); Lathrop B. Nelson, III, "Third Circuit Issues Cautionary Tale for Appellate Waivers," *White Collar Alert* (Aug. 24, 2014), *available at* http://whitecollarblog.mmwr.com/ 2014/08/27/third-circuit-issues-cautionary-tale-for-appellate-waivers/ ("What about those defendants who have legitimate appellate issues that decline to appeal for fear of a harsher sentence if the court deems the appeal within the scope of their appellate waiver?"); Hon. Richard George Kopf, "Pigs Get Fed, Hogs Get Slaughtered," *Hercules and the Umpire* (Sept. 2, 2014), *available at* http://herculesandtheumpire.com/2014/09/ 02/pigs-get-fed-hogs-get-slaughered/ ("Contract principles are not intended to be punitive, and more than four years extra in prison appears to be punitive rather than

restorative in nature."); Scott H. Greenfield, "Such a Deal (or Snitches Get Stiches)," *Simple Justice* (Sept. 8, 2014), *available at* http://blog.simplejustice.us/2014/09/08/such-a-deal/ ("Nobody would have seen this coming.").

In every one of the thousands of criminal appeals this Court has heard since the first appellate waiver in a plea bargain, we have *never* before held that an attempt to litigate a waived argument opens the door to a harsher sentence. Yet here we do. This cuts counter to how we have acted, and it goes against the majority of cases in other circuits. *E.g.*, *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005); *United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004) (*en banc*); *United States v. Andis*, 333 F.3d 886, 894 (8th Cir. 2003) (*en banc*); *but see United States v. Hare*, 269 F.3d 859, 861 (7th Cir. 2001).[2] We should remain faithful to our long-time practice of treating waived arguments in plea agreements the same as in other contexts.

*        *        *        *        *

For these reasons, I dissent from the denial of rehearing *en banc*.

---

[2] *Hare* assumes that resentencing those who raise waived arguments benefits defendants as a class because it makes "promises [not to appeal] credible," and it holds that dismissal of the appeal is an "incomplete [remedy] . . . because the prosecutorial resources are down the drain." 269 F.3d at 861. But *Hare* fails to consider that: appeals cannot be completely waived, *Khattak*, 273 F.3d at 563; ignoring a possibly meritorious argument is a significant sanction; and the Government can limit its outlay of resources "through a routine motion to strike," *United States v. Whitlow*, 287 F.3d 638, 642 (7th Cir. 2002) (Wood, J. concurring), or for summary affirmance. I therefore find *Hare* unpersuasive.