RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0218p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

No. 18-5683

RENE A. BOUCHER,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 1:18-cr-00004-1—Marianne O. Battani, District Judge.[*]

Decided and Filed:  September 26, 2018

Before:  NORRIS, SILER, and SUTTON, Circuit Judges.

_____

## COUNSEL

**ON MOTION:**  Matthew J. Baker, Bowling Green, Kentucky, for Appellee.  **IN RESPONSE:**
Bradley P. Shepard, UNITED STATES ATTORNEY'S OFFICE, Indianapolis, Indiana, for
Appellant.

_____

## ORDER

_____

    SUTTON, Circuit Judge.  Rene Boucher pleaded guilty to assaulting a member of
Congress.  The government sought a 21-month sentence, at the low end of Boucher's guidelines

---

[*]The Honorable Marianne O. Battani, United States District Judge for the Eastern District of Michigan,
sitting by designation pursuant to 28 U.S.C. § 292(b).

range.  The district court instead sentenced Boucher to thirty days' imprisonment.  The government appealed.

Boucher moves to dismiss the appeal, contending that the plea agreement bars the government from appealing the sentence.  That is a new question for us.  But two rules of thumb about plea agreements provide the answer.  One is that the government by statute has the right to appeal a defendant's sentence on a number of grounds.  *See* 18 U.S.C. § 3742(b).  The other is that plea agreements amount to contracts and may be construed to give up only those rights one party or the other has agreed to waive in the written agreement.  *United States v. Bowman*, 634 F.3d 357, 360 (6th Cir. 2011); *see United States v. Benchimol*, 471 U.S. 453, 456 (1985) (per curiam).

In this instance, the plea agreement says nothing about waiving the government's right to appeal.  It mentions only Boucher's waiver of his right to appeal.  That is all anyone needs to know to conclude that the agreement does not waive the government's statutory right to appeal.  Just as we would not infer that a defendant has waived his right to appeal in the context of an agreement that waived only the government's right to appeal, we must do the same in the other direction.

Nor can the defendant realistically maintain that no consideration supports *his* appeal waiver.  The prosecutor agreed to seek a 21-month sentence and recommend an acceptance-of-responsibility reduction in return for the agreement, and kept that promise.  And nothing requires the government or the court to break down each promise and connect it to an item of consideration.  *United States v. Hare*, 269 F.3d 859, 861–62 (7th Cir. 2001).  One other thing.  United States Attorneys have no right to control appeals *by the government*.  That authority rests with the Solicitor General of the United States.  28 C.F.R. § 0.20(b); *see Hare*, 269 F.3d at 861.

*United States v. Guevara*, 941 F.2d 1299, 1299−300 (4th Cir. 1991), it is true, reached the opposite conclusion.  It held that a plea agreement's waiver of the defendant's appellate rights implied a like waiver of the government's appellate rights.  The Fourth Circuit offered no support for this unusual interpretation.  And several members of the court expressed doubt about

it.  *See United States v. Guevara*, 949 F.2d 706, 706−08 (4th Cir. 1991) (Wilkins, J., with Wilkinson, Niemeyer, and Luttig, J.J., dissenting from denial of rehearing en banc).

We side with the other circuits, who follow customary interpretive principles about agreements, accepting waivers when waivers are made and denying waivers when waivers are not made.  *See United States v. Anderson*, 921 F.2d 335, 337−38 (1st Cir. 1990); *Hare*, 269 F.3d at 861−62; *United States v. Hammond*, 742 F.3d 880, 883 (9th Cir. 2014).  Yes, the government must "turn square corners" in its own conduct.  *Heckler v. Comm'y Health Servs. of Crawford Cty., Inc.*, 467 U.S. 51, 61 n.13 (1984) (quotation omitted).  But that does not mean it must take turns to which it never agreed.

Moving from the language of the agreement, Boucher argues that the government promised orally not to appeal his sentence.  As support, he points to a pre-plea communication from the Assistant U.S. Attorney indicating that defense counsel would be free to recommend any authorized sentence, as well as language from the presentence report that Boucher reads as an agreement not to oppose defense counsel's recommended sentence.  But neither source constrains the government's right to appeal or its arguments on appeal.  On top of that, the written plea agreement "supersede[s] all prior understandings, if any, whether written or oral, and cannot be modified other than in writing signed by all parties or on the record."  R. 5 at 9.  All of this takes us back to bedrock contract and plea agreement principles:  The "determinative factor in interpreting a plea agreement is not the parties' actual understanding of the terms of the agreement; instead, an agreement must be construed as a reasonable person would interpret its words."  *United States v. Moncivais*, 492 F.3d 652, 663 (6th Cir. 2007).  Whatever Boucher may have believed, the four corners of the plea agreement restrict his appellate rights, not the government's or anyone else's.

For these reasons, we deny Boucher's motion to dismiss and deny as moot his motion for oral argument.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk